IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALFRED CALVIN WHITEHEAD,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CORRECTION CORPORATION OF  )<br>AMERICA, LEAH COATES, L.P.N.,  )<br>VICY FIGUEROA, DARRELL JONES,  )<br>ANTUINETTE MILES-DETHROW,  )<br>BILL STEWART, M.D., HEALTH SERVICES  )<br>ADMINISTRATION, and WARDEN OF  )<br>MEDICAL,  )<br>  )<br>Defendants.  ) | Case No. 3:10-01098<br>Judge Campbell / Knowles |

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

Pending before the Court is a Motion for Summary Judgment filed by Defendants Corrections Corporation of America ("CCA"), Vicky Figueroa, Darrell Jones, and Antuinette Miles-Dethrow. Docket No. 32. Along with that Motion, Defendants have contemporaneously filed a supporting Memorandum of Law with Exhibits (Docket No. 33), a Statement of Undisputed Material Facts with Exhibits (Docket No. 34), and the Affidavits of Vicky Figueroa, Michael Corlew, and Darrell Jones (Docket Nos. 35, 36, 38).

On April 11, 2011, Plaintiff filed a Motion for an Extension of Time to respond to Defendants' Motion for Summary Judgment. Docket No. 47. On April 29, 2011, the undersigned granted that Motion, giving Plaintiff up to, and including, May 31, 2011 to respond to the instant Motion for Summary Judgment. Docket No. 53. On June 1, 2011, Plaintiff filed a

1

Motion for Enlargement of Time to Respond (Docket No. 58), which the undersigned granted on June 6, 2011 (Docket No. 60). On August 15, 2011, Plaintiff filed another Motion for Extension of Time to respond (Docket No. 65), which the undersigned granted on August 18, 2011 (Docket No. 67). The undersigned's Order of August 18, 2011 gave Plaintiff an additional ninety days from that date in which to file a response. Docket No. 67. On November 14, 2011, Plaintiff filed another Motion for Extension of Time to respond (Docket No. 73), which the undersigned granted on November 16, 2011 (Docket No. 74).

On December 20, 2011, Plaintiff filed a Motion in Opposition to Defendants' Motion for Summary Judgment and Request for Enlargement of Time to File the Required Memorandum. Docket No. 78. On December 22, 2011, the undersigned granted Plaintiff's "Request for Enlargement of Time to File the Required Memorandum," allowing Plaintiff until January 15, 2012 to file his responsive supporting memorandum. Docket No. 80. On January 17, 2012, Plaintiff filed his Memorandum in Support of Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment. Docket No. 82. Plaintiff contemporaneously filed his Affidavit. Docket No. 83.

Plaintiff, a prisoner of the State of Tennessee, was, at all times relevant to the case at bar, detained at the Metro-Davidson County Detention Facility. Docket No. 1. Plaintiff filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights.[1] *Id.* Plaintiff essentially argues that Defendants denied him

---

[1] Plaintiff, in his Memorandum in Support of Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment, also claims that Defendants violated his Fifth Amendment rights. Docket No. 82. Plaintiff's Complaint, however, avers that Defendants violated only his Eighth and Fourteenth Amendment rights. *See* Docket No. 1.

2

medical care and were deliberately indifferent to his serious medical needs. *Id.* Plaintiff sues Defendants CCA, Jones, Miles-Dethrow, "Health Services Administration," Coates, Stewart, Figueroa, and "Warden of Medical" in their official capacities only.[2] *Id.* Plaintiff seeks: (1) "monetary relief"; (2) "protection of the 8th Amendment"; (3) "punitive damages 100,000"; (4) "injunction relief 100,000"; (5) "pain & suffering 400,000"; (6) a jury trial; (7) "preventative injunction 200,000"; (8) declaratory judgment; and (9) "protection of the 14th Amendment." *Id.*

Defendants filed the instant Motion and supporting materials on March 30, 2011. Docket Nos. 32-40. Defendants argue that they are entitled to Summary Judgment because: (1) Plaintiff's Eighth Amendment and retaliation claims against Figueroa cannot stand because Plaintiff's Complaint does not contain any allegations against her; (2) Plaintiff's Eighth Amendment claim against CCA and Figueroa cannot stand because Plaintiff cannot hold CCA or Figueroa liable on a respondeat superior theory; (3) Plaintiff's Eighth Amendment claim against Coates, Jones, and Miles-Dethrow cannot stand because they were not deliberately indifferent; (4) Plaintiff's Eighth Amendment claim cannot stand because Plaintiff asserts only a de minimis injury; and (5) Plaintiff's retaliation claim cannot stand because Jones did not retaliate against Plaintiff. *Id.*

Plaintiff responds that, "Defendants were negligent in the management and discharge of his medical care while he was an inmate in the CCA facility in Davidson County." Docket No. 82. Specifically, Plaintiff argues that he has been asthmatic since birth and that Defendants were aware of his condition; that he was declared to be a chronic care inmate, yet was housed in a

---

[2]Plaintiff does not specify the capacity in which he sues Defendants. Accordingly, he is deemed to sue all Defendants in their official capacity only. *See Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989).

3

general population cell; that he was placed first in a cell that was permeated by mold, then in a cell that was freshly painted, and then in a cell in which the commode did not operate properly for three days (therefore his urine and feces remained un-flushed during that time), all of which exacerbated his condition; that he was denied use of his inhaler, resulting in his hospitalization; and that he was seen by a physician only twice in "over a year" instead of twice per week, as required by the protocols regarding the care and treatment of chronic care inmates. *Id.*

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

## II. Facts

### A. Affidavit of Vicky Figueroa

Defendant Figueroa is employed by Defendant CCA as the Health Services Administrator at the Metro-Davidson County Detention Facility. Docket No. 35, Affidavit of Vicky Figueroa ("Figueroa Aff."), ¶ 2. CCA customs relevant to Plaintiff's claims mandate that prisoners with chronic health conditions be enrolled in chronic clinics to ensure continuity of medical care and treatment and that prisoners undergo initial and periodic health appraisals, receive all necessary medical care and treatment, and possess the ability to request medical care and treatment via Sick Call Requests. *Id.*, ¶ 3. Relevant customs require appropriate certification, licensure, and registration for all medical personnel CCA employs and supervision by a General Practitioner and a Health Services Administrator, to ensure compliance with applicable standards regarding the provision of appropriate medical care and treatment. *Id.*, ¶ 4. Plaintiff's medical record Progress Notes are attached and filed under seal. *Id.*, ¶ 5, referencing Docket No. 40 (Sealed).

4

**B. Affidavit of Michael Corlew**

Mr. Corlew is employed by CCA as the Assistant Warden at the Metro-Davidson County Detention Facility. Docket No. 36, Affidavit of Michael Corlew ("Corlew Aff."), ¶ 2.

Policy 13-6, Chronic Care and Disease Management is attached as Exhibit A. *Id.*, ¶ 3, Ex. A. Policy 13-40, Health Appraisals is attached as Exhibit B. *Id.*, ¶ 4, Ex. B. Policy 13-44, Health Services Information is attached as Exhibit C. *Id.*, ¶ 5, Ex. C. Policy 13-48-2, Infirmary Care / Hospital Care is attached as Exhibit D. *Id.*, ¶ 6, Ex. D. Policy 13-50, Initial Intake Screening is attached as Exhibit E. *Id.*, ¶ 7, Ex. E. Policy 13-64, Off-Site Care / Consultations is attached as Exhibit F. *Id.*, ¶ 8, Ex. F. Policy 13-71, Physician Orders and Provider Protocols is attached as Exhibit G. *Id.*, ¶9, Ex. G. Policy 13-77, Scope of Services is attached as Exhibit H. *Id.*, ¶ 10, Ex. H. Policy 13-80, Sick Call is attached as Exhibit I. *Id.*, ¶ 11, Ex. I. Policy 12-1, Facility Maintenance and Sanitary Inspections is attached as Exhibit J. *Id.*, ¶ 12, Ex. J. Policy 12-101, Daily Housekeeping Plan is attached as Exhibit K. *Id.*, ¶ 13, Ex. K.

CCA customs relevant to Plaintiff's claims mandate that prisoners receive sanitary living conditions and that the Detention Facility maintain adequate standards of housekeeping and sanitation. *Id.,* ¶ 14.

**C. Affidavit of Darrell Jones**

Defendant Jones is a CCA employee who worked at the Metro-Davidson County Detention Facility. Docket No. 38, Affidavit of Darrell Jones ("Jones Aff."), ¶ 2. Defendant Jones did not house Plaintiff in an unsanitary cell in retaliation for a lawsuit Plaintiff filed. *Id.*, ¶ 3. In fact, Defendant Jones did not house Plaintiff in an unsanitary cell. *Id.*

### D. Affidavit of Alfred Whitehead

Plaintiff, a diagnosed asthmatic from birth, was an inmate in the CCA facility at 5115 Harding Place in Nashville, Tennessee during August 2004 and May 2005, March 2006 and March 2007, and April 2009 and July 2010. Docket No. 83, Affidavit of Alfred Whitehead ("Plaintiff's Aff."), ¶¶ 3, 4. Plaintiff was denied medical treatment for which he filed grievances with facility officials, consistent with then-existing policy. *Id.*, ¶ 5. Specifically, Plaintiff "was denied" as follows: (a) denied medication; (b) had his inhaler confiscated and removed from his possession; (c) was placed in a freshly painted cell; (d) was placed in a moldy cell; (e) was placed in a cell that had dysfunctional plumbing for three days; (f) denied treatment for asthma attacks until was transported to the hospital on March 28, 2010; (g) was told by Defendant Coates that he was "a nuisance and not a patient"; (h) was not assigned to the chronic care housing unit, despite being designated a chronic care inmate; (i) was under the care of Dr. Stewart (who was responsible for his overall medical care); and (j) saw Dr. Stewart no more than every six months, despite the fact that, as a chronic care patient, he was to see Dr. Stewart "at least two (2) times per week." *Id.*, ¶ 9. The "cumulative effect of these harms" form the basis of Plaintiff's Complaint. *Id.*, *see*, ¶ 10.

### E. Undisputed Material Facts

Plaintiff admits that the policies attached and referenced as Exhibits A-K are true and accurate, and represent CCA's written policies as identified. Docket No. 79, ¶¶ 1, 2, *referencing* Docket No. 34, ¶¶ 1-14.

Plaintiff admits that he was transported to the hospital on March 28, 2010, and that on that day, he was also administered albuterol and a nebulizer treatment. Docket No. 79, ¶¶ 4, 5, 6,

*referencing* Docket No. 34, ¶¶ 20, 21, 22.

### III.   Analysis

#### A.  Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim.  *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential

element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## **B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C. The Case At Bar**

As an initial matter, the individual Defendants are all employees of CCA. Because Plaintiff sues Defendants in their official capacities only, they stand in the shoes of CCA. *See, e.g., Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). Accordingly, the undersigned must analyze whether CCA is entitled to summary judgment.

CCA is a private corporation that contracts with the State to operate penal facilities. A private entity that contracts with the State to perform a traditional state function, such as operating a penal facility, acts under color of state law and may be sued under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Thus, CCA is amenable to suit under § 1983.

Section 1983, however, does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In order for CCA to be held liable, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978) (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.).

Plaintiff in the case at bar does not contend that any official CCA policy or custom

9

caused the alleged deprivation of his rights. In fact, it is undisputed that CCA had policies in effect that provided for appropriate medical care and sanitary living conditions for inmates. Because Plaintiff does not allege, much less establish, that the alleged violations of his rights were caused by an official CCA policy, custom, or usage, he cannot sustain his claim, and Defendants are entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge