IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALFRED CALVIN WHITEHEAD,          )
                                  )
        Plaintiff,                )
                                  )
                                  )
vs.                               )   CASE NO. 3:10-1098
                                  )   JUDGE CAMPBELL/KNOWLES
                                  )
CORRECTIONS CORPORATION OF        )
AMERICA, et al.,                  )
                                  )
        Defendants.               )

## REPORT AND RECOMMENDATION

The pro se prisoner Plaintiff filed this in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth and Fourteenth Amendment rights. Docket No. 1. Plaintiff essentially avers that Defendants denied him medical care and were deliberately indifferent to his serious medical needs. *Id.* Plaintiff sued eight Defendants: (1) Corrections Corporation of America; (2) Leah Coates, L.P.N.; (3) Vicky Figueroa; (4) Darrell Jones; (5) Antuinette Miles-Dethrow; (6) Bill Stewart, M.D.; (7) "Health Services Administration"; and (8) "Warden of Medical." *Id.* Since Plaintiff did not specify the capacity in which he sued these Defendants, he is deemed to have sued them in their official capacities only. *See Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989).

The undersigned has previously submitted a Report and Recommendation recommending that Plaintiff's claims against Defendants CCA, Figueroa, Jones, and Miles-Dethrow be dismissed. Docket No. 84. Judge Campbell adopted that Report and Recommendation. Docket No. 89. Thus, there are four remaining Defendants: (1) "Health Services Administration"; (2)

Leah Coates, a/k/a Janice Coates; (3) Dr. Bill Stewart; and (4) "Warden of Medical."

Prior to their dismissal from this action, Defendants CCA, Figueroa, Jones and Miles-Dethrow submitted a "Notice Regarding Service of Process on Defendants Leah Coates, L.P.N., and Bill Stewart, M.D." Docket No. 26. That Notice essentially stated that service was attempted on Defendants Coates and Stewart on February 2, 2011. At that time, Defendants Coates and Stewart were no longer employed by CCA. Notwithstanding that fact, however, a CCA employee accepted service of the Summons and Complaint for Defendants Coates and Stewart. Thus, they point out, CCA was not an agent authorized by appointment or by law to accept service on behalf of Coates and Stewart and, therefore, Defendants Coates and Stewart were not properly served.

Plaintiff thereafter filed his own "Notice Regarding Service of Process." Docket No. 42. Plaintiff's Notice stated in relevant part as follows:

> It would seem to plaintiff that these two medical staff would leave a forwarding address or home address with C.C.A. . . . Of course, counsel for [defendants] is aware of the limited means the plaintiff has available as a prison inmate, to effect service and plaintiff believes that C.C.A. has accepted service because they knew the whereabouts of these two defendants. . . .

Docket No. 42, p. 2.

Regardless of Plaintiff's speculations, it seems clear that Defendants Stewart and Coates were not properly served.

Additionally, Plaintiff identifies these four Defendants as employees of CCA. Docket No. 1, p. 7. As the Court discussed in the previous Report and Recommendation, because Plaintiff has sued these Defendants only in their official capacities, they stand in the shoes of CCA. While CCA is amenable to suit under § 1983, that section does not permit the imposition

2

of liability based upon respondeat superior.  Plaintiff has failed to allege that he suffered a deprivation of a constitutional interest and that that deprivation was caused by an official policy, custom, or usage of CCA.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted against these Defendants.

Finally, while Plaintiff named the "Health Services Administration," and the "Warden of Medical" as Defendants, there are no allegations in the Complaint with regard to either of these Defendants.

For the foregoing reasons, the undersigned recommends that Plaintiff's claims against Defendants "Health Services Administration," Leah Coates, a/k/a Janice Coates, Dr. Bill Stewart, and "Warden of Medical" be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4